UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MYRELL BERGERON<br><br>  Plaintiff,<br><br>  v.<br><br>LCMC<br><br>  Defendants. | CIVIL ACTION<br><br>No.: 2:21-CV-507<br><br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE KAREN WELLS ROBY |

**PLAINTIFF'S PROPOSED JURY VERDICT FORM**

Plaintiff, Myrell Bergeron, pursuant to the Pre-Trial Notice and the Minutes issued on April 20, 2022 (R. Doc. 45) hereby submits her proposed Jury Verdict Form.

Dated: April 26, 2022                Respectfully submitted,

                    VASQUEZ LAW OFFICE

                    <u>/s/Jessica Vasquez</u>
                    Jessica M. Vasquez (27124)
                    400 Poydras St. Ste. 900
                    New Orleans, LA 70130
                    Telephone: (504) 571-9582
                    Facsimile: (504) 684-1449
                    Email: jvasquez@vasquezlawoffice.com
                    *ATTORNEY FOR MYRELL BERGERON*

                    **-and-**

1

LAW OFFICE OF WOLFF & WOLFF
Charlsey Wolff, Esq.
2800 Veterans Memorial Blvd. Ste. 204
New Orleans, LA 70002
Tel: (504) 483-3406
Fax: (504) 229-7702
Email: charlsey@wolffatlaw.com
*ATTORNEY FOR MYRELL BERGERON*

# JURY QUESTION FOR
# ADA-FAILURE TO ACCOMMODATE

**Question No. 1**

Did the Plaintiff, Myrell Bergeron have or was she regarded as having a severe seafood allergy disability?

Answer "Yes" or "No." ―――――

If you answered "Yes" to Question No. 1, then answer the following Question 2:

**Question No. 2**

Did Defendant fail to reasonably accommodate Plaintiff's severe seafood disability?

Answer "Yes" or "No." ―――――

## JURY QUESTION FOR
## ADA DAMAGES FOR FAILURE TO ACCOMMODATE

**Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Myrell Bergeron for the damages, if any, you have found Defendant caused Plaintiff Myrell Bergeron?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $—————

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $—————

3. Wages and benefits from April 22, 2020 to the day of the verdict. $———

**Question No. 2**

Do you find that Plaintiff Myrell Bergeron failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No." —————

If you answered "Yes" to Question No. 2, then answer Question No. 3.

**Question No. 3**

How much would Plaintiff Myrell Bergeron have earned had she exercised reasonable diligence under the circumstances to minimize /her damages?

Answer in dollars and cents, if any. $—————

**Question No. 4**

Do you find that Plaintiff Myrell Bergeron should be awarded punitive damages?

Answer "Yes" or "No." ————————

If you answered "Yes" to Question No. 4, then answer Question No. 5:

**Question No. 5**

What sum of money should be assessed against Defendant LCMC as punitive damages? Answer in dollars and cents: $———————————————

# JURY QUESTION FOR
# ADA RETALIATION CLAIM UNDER CAT'S PAW THEORY

**EMPLOYER LIABILITY UNDER CAT'S PAW THEORY FOR SUPERVISOR CONDUCT**

**Question No. 1**

Has Plaintiff Myrell Bergeron proved that Icesiss Guy was a supervisor?

Answer "Yes" or "No." ─────────────

If you answered Question No. 1 "Yes," then answer Question No. 2.

**Question No. 2**

Has Plaintiff Myrell Bergeron proved that Icesiss Guy would not have accused Plaintiff Myrell Bergeron of theft but for Plaintiff Myrell Bergeron's seafood disability and her complaints about Ms. Guy eating seafood during the days Plaintiff worked?

Answer "Yes" or "No." ─────────────

If you answered Question No. 2 "Yes," then answer Question No. 3.

**Question No. 3**

Has Plaintiff Myrell Bergeron proved that Icesiss Guy acted with the intent that Plaintiff Myrell Bergeron would suffer an adverse employment action as a result of her accusations of theft?

Answer "Yes" or "No." ─────────────

If you answered Question No. 3 "Yes," then answer Question No. 4.

**Question No. 4**

Has Plaintiff Myrell Bergeron proved that Nick Millet and Pam Ballard would not have decided to terminate Plaintiff Myrell Bergeron in the absence of Icesiss Guy's allegations of theft?

Answer "Yes" or "No." ─────────────

**EMPLOYER LIABILITY UNDER CAT'S PAW THEORY FOR COWORKER CONDUCT**

**Question No. 1**

Has Plaintiff Myrell Bergeron proved that Plaintiff's coworker Icesiss Guy exhibited discriminatory animus relating to her seafood allergy disability towards Plaintiff?

Answer "Yes" or "No." ——————————

If you answered Question No. 1 "Yes," then answer Question No. 2.

**Question No. 2**

Has Plaintiff proved that due to this discriminatory animus, Plaintiff's coworker Icesiss Guy exerted influence or leverage over Nick Millet and Pam Ballard with the intent of Nick Millet and Pam Ballard terminating Plaintiff?

Answer "Yes" or "No." ——————————

If you answered Question No. 2 "Yes," then answer Question No. 3.

**Question No. 3**

Has Plaintiff proved that but for Icesiss Guy  coworker's influence, Nick Millet and Pam Ballard would not have terminated Plaintiff?

Answer "Yes" or "No." ——————————

# JURY QUESTION FOR
# ADA RETALIATION CLAIM FOR DENIAL OF TRANSFER

**Question No. 1**

Has Plaintiff Myrell Bergeron proved that she would not have been denied a transfer to a different clinic but for her complaint opposing the eating of seafood during days she worked?

Answer "Yes" or "No." ─────────────

# JURY QUESTION FOR
# ADA DAMAGES FOR RETALIATION

**Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Myrell Bergeron for the damages, if any, you have found Defendant caused Plaintiff Myrell Bergeron?

   Answer in dollars and cents for the following items and none other:

   1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $————

   2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $————

   3. Wages and benefits from April 22, 2020 to May 19, 2022. $————

**Question No. 2**

Do you find that Plaintiff Myrell Bergeron failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

   Answer "Yes" or "No." ————

   If you answered "Yes" to Question No. 2, then answer Question No. 3.

**Question No. 3**

How much would Plaintiff Myrell Bergeron have earned had she exercised reasonable diligence under the circumstances to minimize /her damages?

   Answer in dollars and cents, if any. $————

**Question No. 4**

Do you find that Plaintiff Myrell Bergeron should be awarded punitive damages?

Answer "Yes" or "No." ——————————

If you answered "Yes" to Question No. 4, then answer Question No. 5:

**Question No. 5**

What sum of money should be assessed against Defendant LCMC as punitive damages? Answer in dollars and cents: $——————————

**JURY QUESTIONS FOR**
**INTENTIONAL TORT OF BATTERY CLAIM AND EMPLOYER LIABILITY**

**Question No. 1**

Has Plaintiff Myrell Bergeron proved that Icesiss Guy committed an intentional act by eating seafood in the workplace on days Plaintiff, Myrell Bergeron would work in order to inflict offensive contact without Plaintiff's consent?

Answer "Yes" or "No." ─────────────

If you answered Question No. 1 "Yes," then answer Question No. 2.

**Question No. 2**

Was the intentional eating of seafood at the work place by Icesissssis Guy, primarily employment rooted?

Answer "Yes" or "No." ─────────────

If you answered Question No. 2 "Yes," then answer Question No. 3.

**Question No. 3**

Was the intentional eating of seafood during the days Plaintiff worked, reasonably incidental to the performance of the employee's duties?

Answer "Yes" or "No." ─────────────

If you answered Question No. 3 "Yes," then answer Question No. 4.

**Question No. 4**

Did the intentional eating of seafood during the days Plaintiff works, occur on the employer's premises?

Answer "Yes" or "No." ─────────────

If you answered Question No. 4 "Yes," then answer Question No. 5.

**Question No. 5**

Did the intentional eating of seafood during the day Plaintiff works, occur during the hours of employment?

Answer "Yes" or "No." ─────────────────

If you answered Question No. 5 "Yes," then answer Question No. 6.

**Question No. 6.**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Myrell Bergeron for the damages, if any, you have found Defendant caused Plaintiff Myrell Bergeron?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $─────────

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $─────────

3. Wages and benefits from April 22, 2020 to May 19, 2022. $─────────

**Question No. 7**

Do you find that Plaintiff Myrell Bergeron failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No." ─────────

If you answered "Yes" to Question No. 7, then answer Question No. 8.

**Question No. 8**

How much would Plaintiff Myrell Bergeron have earned had she exercised reasonable diligence under the circumstances to minimize /her damages?

Answer in dollars and cents, if any. $─────────

### JURY QUESTION FOR FAILURE TO ACCOMMODATE UNDER THE LOUISIANA EMPLOYMENT DISCRIMINATION LAW AND LOUISIANA CIVIL RIGHTS FOR HANDICAPPED PERSONS ACT.

**Question No. 1**

Did the Plaintiff, Myrell Bergeron have or was she regarded as having a severe seafood allergy disability?

Answer "Yes" or "No." ─────────

If you answered "Yes" to Question No. 1, then answer the following Question 2:

**Question No. 2**

Did Defendant fail to reasonably accommodate Plaintiff's severe seafood disability?

Answer "Yes" or "No." ─────────

**JURY QUESTION FOR**
**DAMAGES FOR FAILURE TO ACCOMMODATE UNDER**
**LOUISIANA EMPLOYMENT DISCRIMINATION LAW AND**
**LOUISIANA CIVIL RIGHTS FOR HANDICAPPED PERSONS ACT.**

**Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Myrell Bergeron for the damages, if any, you have found Defendant caused Plaintiff Myrell Bergeron?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $————

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. $————

3. Wages and benefits from April 22, 2020 to the day of the verdict. $————

**Question No. 2**

Do you find that Plaintiff Myrell Bergeron failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No." ————

If you answered "Yes" to Question No. 2, then answer Question No. 3.

**Question No. 3**

How much would Plaintiff Myrell Bergeron have earned had she exercised reasonable diligence under the circumstances to minimize /her damages?

Answer in dollars and cents, if any. $————